IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

E. JEAN CARTER-BONIFACE,

        Plaintiff,

v.                                                                     Case No. 22-1267-JWB

TODD VASCO, *et al.*,

        Defendants.

**MEMORANDUM AND ORDER**

Defendants Todd Vasco, Michael Calbert, John Garratt, Mary Davis, Mike Vallone, and Dollar General ("Defendants") move to dismiss[1] (Doc. 26) Plaintiff's amended complaint (Doc. 19). Plaintiff moves to drop defendants[2] Tiffin Shewmake and Debra White from the case. (Doc. 37.) Defendants also move to strike[3] (Doc. 32) Plaintiff's filing entitled "Memorandum in Support of Plaintiff's (pro se) Civil Complaint" (Doc. 30) as an improper sur-reply. For the reasons stated herein, Defendants' motion to dismiss (Doc. 26) is TAKEN UNDER ADVISEMENT. Plaintiff is granted 21 days from the date of this order to file a second amended complaint. Plaintiff's motion to drop defendants (Doc. 37) is GRANTED. Defendants' motion to strike (Doc. 32) is GRANTED.

**I.     Facts and Procedural Background**

---

[1] Defendants' motion to dismiss is fully briefed. (Docs. 26, 27, 28, 29.)
[2] Tiffin Shewmake and Debra White were never served and have not appeared in this case.
[3] Plaintiff timely responded to Defendants' motion to strike. (Doc. 36.) Defendants did not file a reply and the time to do so has expired.

On December 5, 2020, Plaintiff went to Dollar General, located at 4011 S. Laura St., Wichita, Kansas, with her daughter.[4]  (Doc. 1 at 3.)  Plaintiff has a handicap placard for her own vehicle, but because she was in her daughter's car, they could not park in a handicap spot. (Doc. 1-1 at 8.)[5]  Plaintiff's daughter parked in a regular parking spot next to a handicap spot where another car was parked.  (*Id.*)  Plaintiff exited the vehicle and walked in front of the other car, through the handicap spot, to enter the store.  (*Id.*)  While she was walking, she slipped on some oil in the parking space and fell onto her right side, landing on her right knee, hand, and hip.  (*Id.* at 8–9.)  Plaintiff's daughter and the customer who was parked in the handicap space helped her up, while a Dollar General employee came out of the store to see what was happening.  (*Id.* at 9.) The employee told Plaintiff they needed to complete an incident report, and upon seeing the swelling of Plaintiff's knee, instructed Plaintiff to see a doctor or go to the hospital to have it checked.  (*Id.*)  Plaintiff went to the hospital and has received continued medical care for her injuries.  (*Id.* at 9–10.)  Plaintiff has attempted to resolve her claim with Dollar General outside of court but has been unable to do so.  (*Id.* at 9–12.)

Plaintiff filed this action pro se on November 29, 2022.  (Doc. 1.)  The magistrate judge assigned to the case ordered Plaintiff to show cause why the case should not be dismissed because Plaintiff failed to allege the citizenship of each of the defendants named in the case.  (Doc. 3.)  On January 17, 2023, the magistrate judge held a show cause hearing.  (Doc. 18.)  Plaintiff appeared in person and attorney Corey Adams was in the courtroom, although none of the defendants had yet entered an appearance in the case.  (*Id.*)  The magistrate judge ordered Plaintiff to amend her

---

[4] In Plaintiff's complaint, she states that she was with her daughter when she visited the Dollar General store.  (Doc. 1 at 3.)  Later, in one of her attached exhibits, Plaintiff states that she was with her granddaughter. (Doc. 1-1 at 8.) The court will refer to this individual as Plaintiff's daughter because it is consistent with the allegations in the complaint.

[5] Because Plaintiff attached exhibits to her complaint, the court may properly consider these documents. *Commonwealth Prop. Advocs., LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011).

complaint to allege the citizenship of each of the defendants (*id.*); Plaintiff filed her amended complaint on January 23, which showed complete diversity (Doc. 19). The amended complaint incorporated the allegations in the original complaint. (*Id.*) Defendants subsequently filed the instant motion. (Doc. 26.)

## II.   Standard

To withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim for relief that is plausible on its face. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Id.* Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007). On a Rule 12(b)(6) motion, the court may look not only at the complaint but at the exhibits attached to the complaint that are incorporated by reference. *Commonwealth Prop. Advocs., LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011).

The court is required to liberally construe Plaintiff's pleadings because she proceeds pro se. *United States v. Pinson*, 585 F.3d 972, 975 (10th Cir. 2009). However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on Plaintiff's behalf. *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

## III.   Analysis

### A. Motion to Drop Defendants Tiffin Shewmake and Debra White (Doc. 37)

Plaintiff has filed her motion to withdraw or drop two named defendants, Tiffin Shewmake and Debra White. (*Id.*) Plaintiff explains that she named these two defendants because, according to her research, the two were connected to Dollar General in some way. Defense counsel has

3

indicated that these two are not connected to Dollar General and that he does not represent these two individuals. (Doc. 27 at 2.) Accordingly, Plaintiff moves to withdraw or drop these two individuals from the case. Under Rule 21, the court has authority to drop these parties at any time. Fed. R. Civ. P. 21. The court grants Plaintiff's motion and drops Tiffin Shewmake and Debra White from the case.

### B. Motion to Strike Plaintiff's Surreply (Doc. 32)

For context, it is helpful to discuss the briefing of Defendants' motion to dismiss. (Doc. 26.) On February 14, 2023, Defendants filed their motion to dismiss and accompanying memorandum in support. (Docs. 26, 27.) Then, on March 8, 2023, Plaintiff filed her memorandum in opposition or response to the motion to dismiss. (Doc. 28.) Fourteen days later, Defendants filed their reply in support of their motion to dismiss. (Doc. 29.) And then one day after Defendants filed their reply, Plaintiff filed a document entitled "Memorandum in Support of Plaintiff's (pro se) Civil Complaint" which appears to be a sur-reply, addressing parts of Defendants' motion to dismiss. (Doc. 30.)

Defendants now move to strike the improper sur-reply. (Doc. 32.) Defendants correctly point out that parties are not ordinarily permitted to file sur-replies and must seek leave of court to do so. *Mack v. J.M. Smuckers Co.*, --- F.3d ---, 2022 WL 4547428, at *2 (D. Kan. Sept. 29, 2022). Plaintiff's response to the motion to strike does not offer any reason that the sur-reply should have been allowed or must be considered, instead arguing that Defendants' motion to strike is "procedurally improper" and "without merit." (Doc. 36.) Accordingly, the court grants Defendants' motion to strike and the court will disregard the filing.

### C. Motion to Dismiss (Doc. 26)

4

Defendants argue that Plaintiff has not sufficiently alleged a claim of negligence or premises liability against them and thus, their motion to dismiss should be granted. (Doc. 27 at 6–9.) Defendants also argue that there is no entity called "Dollar General" and that Plaintiff should be required to name the appropriate legal entity as a party. (*Id.* at 9–10.)

"The essential elements of negligence are as follows: (1) a legal duty owed by the defendant to the plaintiff; (2) a breach of that legal duty; (3) the breach of that legal duty was the proximate cause of the plaintiff's injury; and (4) the plaintiff sustained damages." *Jewett v. Miller*, 46 Kan. App. 2d 346, 350, 263 P.3d 188, 191 (2011).

Plaintiff has failed to plead facts sufficient to allege a claim of negligence. Plaintiff has not identified conduct by Defendants which shows a breach of a legal duty or that the breach was the proximate cause of her injuries. Plaintiff has alleged facts which show that she sustained damages, but her injury alone is insufficient to plead a negligence claim. At best, Plaintiff has alleged that there was oil on the parking spot and that it caused her to slip and fall. But Plaintiff has not alleged conduct by Defendants which suggests they breached a legal duty, such as that one or more Defendants is responsible for the oil being on the parking spot or that one or more Defendants had a responsibility to clean up the oil. Because Plaintiff proceeds pro se, the court will grant her the opportunity to plead sufficient facts, and not legal conclusions, which suggest that Defendants breached a legal duty and that breach was the proximate cause of Plaintiff's injuries.

As for premises liability, "an owner or operator of a place of business that is open to the public owes a duty to the business visitor to use reasonable care, under all circumstances, in keeping the business place safe." *Wagoner v. Dollar General Corp.*, 955 F. Supp. 2d 1220, 1224 (D. Kan. 2013) (citing Kansas law). But before a party can be held liable for a failure to keep the

5

premises in safe condition, "the defendant must be the owner, occupier, or possessor of the premises." *Id.* at 1227 (quoting *Miller v. Zep Mfg., Co.,* 249 Kan. 34, 815 P.2d 506, 513 (1991)).

Plaintiff has not alleged that any of Defendants own, occupy, or possess the premises where Plaintiff was injured; Plaintiff has merely named some individuals who appear to be associated with Dollar General. But there are no allegations that any of these individuals were at the store on the date in question or were responsible for this specific store. Further, there are no allegations that any of these individuals own this store. Plaintiff has not plead factual allegations which would allow this court to find that Plaintiff has pleaded a plausible claim for premises liability. Plaintiff is granted leave to file a second amended complaint to clarify the factual allegations against Defendants, including whether she intends to proceed with a negligence claim or a premises liability claim and sufficient factual allegations to plausibly plead any claim she chooses to pursue.

Plaintiff has also brought this claim against Dollar General. (Doc. 19 at 2.) Plaintiff has not specified which legal entity her claim is against. Counsel for Dollar General have explained that multiple legal entities do business under the name "Dollar General." (Doc. 27 at 9–10.) The court is sympathetic to the fact that Plaintiff is proceeding pro se, but Plaintiff still must follow the same procedural rules as any other litigant, which include naming the appropriate party. In Plaintiff's second amended complaint, Plaintiff is directed to name the appropriate legal entity (which could be a corporation, LLC, or other entity) as a party.

## IV. Conclusion

Defendants' motion to dismiss (Doc. 26) is TAKEN UNDER ADVISEMENT. Plaintiff is granted leave to file a second amended complaint within 21 days of the date of entry of this order. If Plaintiff fails to timely file a second amended complaint, the court may grant Defendants' motion to dismiss without further notice.

6

Plaintiff's motion to drop defendants Tiffin Shewmake and Debra White (Doc. 37) is GRANTED.  Defendants' motion to strike (Doc. 32) is GRANTED.

IT IS SO ORDERED this 9th day of May, 2023.

                                                _s/ John W. Broomes_
                                                JOHN W. BROOMES
                                                UNITED STATES DISTRICT JUDGE