IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

E. JEAN CARTER-BONIFACE,

         Plaintiff,

v.                                                        Case No. 22-1267-JWB

DOLLAR GENERAL, et al.,

         Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's motion to stay pending appeal. (Doc. 43.) The motion is fully briefed and ripe for decision. (Doc. 44.)[1] The motion is DENIED for the reasons stated herein.

**I.    Procedural History**

Plaintiff filed this action pro se on November 29, 2022. (Doc. 1.) In her complaint, she alleged that she went to Dollar General, located at 4011 S. Laura St., Wichita, Kansas, in December 2020. (Doc. 1 at 3.) While getting out of her car, Plaintiff slipped on some oil in the parking lot and fell. Plaintiff suffered injuries as a result. Liberally construing her complaint, Plaintiff brought claims of negligence and premises liability against Dollar General and several other individuals. Plaintiff, however, failed to allege all of the parties' citizenship. Subsequently, at a show cause hearing, the magistrate judge ordered Plaintiff to amend her complaint to allege the citizenship of each of the defendants. (Doc. 18.) Plaintiff filed her amended complaint on January 23, which showed complete diversity (Doc. 19). The amended complaint incorporated the allegations in the original complaint. (*Id.*) Defendants then moved to dismiss. (Doc. 26.)

---

[1] Plaintiff failed to file a reply and the time for doing so has now passed.

After review, the court held that Plaintiff failed to plausibly allege a claim of negligence because her complaint did not identify any conduct by Defendants showing a breach of a legal duty or that the breach was the proximate cause of her injuries. Rather, Plaintiff merely alleged facts which show that she sustained damages. (Doc. 39 at 5.) With respect to the claim of premises liability, Plaintiff failed to allege that Defendants owned, occupied, or possessed the premises where Plaintiff was injured. (*Id.* at 6.) The court then provided Plaintiff an opportunity to amend her complaint once again to cure the deficiencies.

Plaintiff subsequently filed a second amended complaint. (Doc. 40.) Plaintiff, however, failed to cure the deficiencies. As a result, the court granted Defendant's motion to dismiss and entered judgment in favor of Defendants. (Docs. 41, 42.) Plaintiff has now filed a motion to stay this court's order. (Doc. 43.) Defendant opposes the motion and seeks to strike the filing. (Doc. 44.)

**II.     Analysis**

In her motion, Plaintiff asks the court to stay its ruling granting Defendant's motion so that she can seek appellate review. As pointed out by Defendant, however, there is no legal basis to stay this court's order pending appellate review. The order simply dismissed the action and entered judgment in favor of Defendant. Plaintiff was free to timely appeal that order without seeking a stay. She has not done so.

Liberally construing Plaintiff's motion, she alternatively seeks additional time to file her appeal. Federal Rule of Appellate Procedure 4(a)(5)(A) allows the district court to extend the time for filing a notice of appeal if "(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether [her] motion is filed before or during the

30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A).

Plaintiff has satisfied the first requirement of the Rule. The court entered judgment on June 9, 2023. Plaintiff's time for filing a notice of appeal expired 30 days after entry of the order, or on July 9, 2023. Fed. R. App. 4(a)(1)(A). Rule 4(a)(5)(A)(i) establishes a 30–day grace period for seeking an extension of time to file a notice of appeal after the time for filing has expired. *See Oda v. Transcon Lines Corp.*, 650 F.2d 231, 233 (10th Cir. 1981). The 30–day grace period expires 30 days after the appeal period runs. Fed. R. App. P. 4(a)(5)(A)(i). Because Plaintiff filed her motion on June 22, it was timely.

Plaintiff, however, has not established excusable neglect or good cause for seeking an extension of time to file her appeal. Rather, Plaintiff is silent as to the reason she needs an extension. The court notes that Plaintiff's motion makes mention of a memorandum in support of her motion but she did not attach a memorandum to her filing. It is clear from Plaintiff's motion, however, that she believes her time to appeal does not run until after the court rules on this motion. That understanding, however, is incorrect. The court notes that the time for her to file a motion for an extension of time to file an appeal has not passed. Therefore, the court will deny Plaintiff's motion for an extension without prejudice to refiling. The deadline to file any such motion is August 8, 2023.

**III.   Conclusion**

Plaintiff's motion for a stay (Doc. 43) is DENIED without prejudice.

IT IS SO ORDERED. Dated this 14th day of July 2023.

                                                          __s/ John W. Broomes_____
                                                          JOHN W. BROOMES
                                                          UNITED STATES DISTRICT JUDGE