**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**E. JEAN CARTER-BONIFACE,**

**Plaintiffs,**

**v.** **Case No. 22-01267-JWB**

**TODD VASCO, et al.,**

**Defendants.**

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's motion to dismiss the motion to dismiss and motion for a stay. (Doc. 46.) Defendants have responded (Doc. 47), and the time for filing a reply has passed, so the matter is fully briefed and ripe for review. Considering Plaintiff's pro se status, the court broadly construes her motion as one for relief from judgment under Rule 60 because the time for filing a motion under Rule 59(e) has long passed.

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Plaintiff meets none of these grounds.

This court previously dismissed Plaintiff's second amended complaint because she, *inter alia*, failed to allege sufficient facts to support either a negligence or a premises liability claim. (Docs. 39, 41.) The court construed a subsequent filing by Plaintiff (Doc. 43) as one seeking additional time to file an appeal, and the court denied the motion without prejudice because Plaintiff failed to show excusable neglect or good cause for seeking an extension of time to file her appeal. (Doc. 45.) Plaintiff's current motion does not show any ground for reconsidering this court's prior decisions. Instead, she generally argues that Defendants have the burden to show

they were not negligent, that she at one point rejected a settlement offer, that counsel for Defendants did not properly enter his appearance, that Dollar General discriminates against persons of color such as herself, and that the store manager at the location where she was injured completed an incident report. None of these arguments address the court's denial of her motions. The court sympathizes with Plaintiff's frustrations with proceeding pro se in federal court. And the court has broadly construed her filings. However, she still fails to state a claim.

The court therefore DENIES Plaintiff's motion to dismiss the motion to dismiss and motion for a stay. (Doc. 46.)

IT IS SO ORDERED.

Dated: December 11, 2023

/s/John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE